# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1284V
UNPUBLISHED

| | |
|---|---|
| DOLORES GORCZYCA,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: March 30, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Nancy Routh Meyers,* Turning Point Litigation, Greensboro, NC, for petitioner.

*Debra A. Filteau Begley,* U.S. Department of Justice, Washington, DC, for respondent.

## **DECISION AWARDING DAMAGES**[1]

On August 24, 2018, Dolores Gorczyca filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that as a result of an influenza ("flu") vaccination administered on October 3, 2017, she suffered Guillain-Barré syndrome ("GBS"). Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 13, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On March 27, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $174,100.00, representing $170,000.00 for pain and suffering and $4,100.00 for past out-of-pocket medical expenses. Proffer at 1. In the Proffer, Respondent represented that Petitioner

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $174,100.00, which represents $170,000.00 for pain and suffering and $4,100.00 for past out-of-pocket medical expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                        **s/Brian H. Corcoran**
                                        Brian H. Corcoran
                                        Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DOLORES GORCZYCA,**

      Petitioner,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES**,

      Respondent.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**No. 18-1284V**
Chief Special Master Corcoran

## **RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On August 13, 2019, respondent filed a Rule 4(c) Report, conceding that petitioner's claim meets the Table criteria for Guillain-Barré Syndrome ("GBS") injury. On that same day, the Court issued a Ruling on Entitlement finding petitioner entitled to compensation under the Vaccine Act.

**I.**    **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following, and requests that the Chief Special Master's decision and the Court's judgment award:

1. A lump sum payment of **$170,000.00**, which represents compensation for pain and suffering, *see* 42 U.S.C. § 300aa-15(a)(4); and

2. A payment of **$4,100.00**, which represents compensation for past out-of-pocket medical expenses, *see* 42 U.S.C. § 300aa-15(a)(1).

These amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

## II.   Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that petitioner be awarded a lump sum payment of **$174,100.00**, in the form of a check payable to petitioner.  Petitioner agrees.

                        Respectfully submitted,

                        JOSEPH H. HUNT
                        Assistant Attorney General

                        C. SALVATORE D'ALESSIO
                        Acting Director
                        Torts Branch, Civil Division

                        CATHARINE E. REEVES
                        Deputy Director
                        Torts Branch, Civil Division

                        ALEXIS B. BABCOCK
                        Assistant Director
                        Torts Branch, Civil Division

                        /s/ DEBRA A. FILTEAU BEGLEY
                        DEBRA A. FILTEAU BEGLEY
                        Senior Trial Attorney
                        Torts Branch, Civil Division
                        U.S. Department of Justice
                        P.O. Box 146
                        Benjamin Franklin Station
                        Washington, D.C.  20044-0146
                        Phone: (202) 616-4181

Dated:  March 27, 2020

---

[1]  Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future pain and suffering.