# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 18-1284V**
(not to be published)

|  |  |
|---|---|
| DOLORES GORCZYCA,<br><br>               Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: November 6, 2020<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Nancy R. Meyers, Turning Point Litigation, Greensboro, NC, for Petitioner.*

*Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 24, 2018, Dolores Gorczyca filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered Guillain-Barré syndrome as a result of an influenza vaccination administered on October 3, 2017. (Petition at 1). On March 30, 2020, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 48).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner filed a motion for attorney's fees and costs, dated August 27, 2020 (ECF No. 53) ("Fees App."), requesting a total award of $16,689.74 (representing $15,205.90 in fees and $1,483.84 in costs). In accordance with General Order No. 9, Petitioner also filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 53-4). Respondent failed to file a response within the allotted time, and Petitioner did not file a reply.

On September 21, 2020, I issued a decision awarding final fees and costs. Due to an oversight, however, the issue of whether Petitioner's counsel, Ms. Nancy R. Meyers, should receive an increased hourly rate for a portion of the work performed in 2020 was not specifically addressed in the body of the Decision. In order to correct this oversight, on September 24, 2020, I withdrew that fees decision. (ECF No. 55). I now revisit in detail the issue of Ms. Meyers's proper hourly rates in this matter.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## ATTORNEY FEES

A. <u>Hourly Rates</u>

The main issue to be resolved is whether the hourly rates Petitioner has requested for the work of Ms. Meyers are reasonable. Petitioner requests the following hourly rates: $375.00 per hour for work performed in 2018, $390.00 per hour for work performed in 2019, $400.00 per hour for work performed in 2020 prior to joining her new law firm, Turning Point Litigation ("TPL"), and $430.00 per hour for work performed after joining TPL. The hourly rates of $375.00 to $400.00 are consistent with what I and other special masters have previously awarded Ms. Meyers for her Vaccine Program work and are therefore reasonable for her to receive in the instant case. *See,* e.g., *Berlin v. Sec'y of Health & Human Servs.*, No. 18-893V, 2020 WL 1896711 (Fed. Cl. Spec. Mstr. Mar. 16, 2020).

Petitioner argues that the rate increase to $430.00 per hour for part of 2020 is reasonable because Ms. Meyers' "change in employment has prompted a re-evaluation of the appropriate rate structure and has necessitated that her rate be consistent with [TPL] attorneys Allison Mullins and L. Cooper Harrell, with whom she now practices." Fees App. at 2.[3] The seminal case discussing the factors relevant to a determination of the reasonableness of an hourly rate was laid out in *McCulloch v. Sec'y of Health & Human Servs.* and has since been adopted by every special master in the Vaccine Program. No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). *McCulloch* outlines the following specific factors as paramount in deciding a reasonable forum rate:

1. The prevailing rate for comparable legal work in the forum of Washington D.C.;
2. the Prevailing Rate for Cases in the Vaccine Program;
3. The experience of the attorneys in the Vaccine Program;

---

[3] Petitioner also states that "[a] pending request for interim fees requesting the establishment of the rates for the attorneys of Turning Point Litigation has been filed in the *Kameron Hilton* matter, 17-1739V, which details the requested fee structure and the affidavits in support thereof." Fees App. at 1-2. I have reviewed the filings in that matter and note that they do not contain any additional relevant information beyond the credentials of her new colleagues, Ms. Mullins and Mr. Harrell, and a reiteration of the argument that an increase to Ms. Meyers' 2020 rate post-TPL is needed to ensure consistency with the rates sought by her colleagues. Those materials were not otherwise filed herein.

4.  The overall legal experience of the attorneys;
5.  The quality of work performed in vaccine cases; and
6.  Reputation in the legal community and community at large.

*McCulloch,* 2015 WL 5634323, at *17. Retroactive rate increases are disfavored. *See, e.g., Ramirez v. Sec'y of Health & Human Servs.*, No. 16-1180V, 2019 WL 948385, at *2 (Fed. Cl. Spec. Mstr. Jan. 30, 2019) (Noting that counsel "should only submit billing logs that reflect the hourly rate *previously* awarded to him") (emphasis added).

Ms. Meyers has previously been awarded $400.00 for her 2020 work based upon application of the *McCulloch* factors. Her decision to change law firms does not alter how those factors were applied in making that determination – and itself is not even something under *McCulloch* that should prompt a change (and certainly not *within* the same year for which there is already a well-founded rate determination). The mere act of changing firms has not increased Ms. Meyers' experience, the quality of her work, or her reputation in the legal community (at least not in any way that Petitioner has argued nor is readily apparent to me).

I also do not find that a comparison to the circumstances of Ms. Meyers' new colleagues, Ms. Mullins and Mr. Harrell, is grounds for a mid-year increase. These two individuals have not had their hourly rates analyzed and approved in the Vaccine Program - because they have almost no prior Vaccine Program experience. As of the date of this decision, Mr. Harrell is the undersigned counsel in one pending case, and Ms. Mullins was previously undersigned counsel in one pending case, in which Ms. Meyers subsequently appeared upon joining TPL. Neither of those cases has produced a reasoned decision suggesting what their fees should be, and neither attorney performed work in this case that I could evaluate independently.

At bottom, Ms. Meyers' 2020 rate should not be increased solely to ensure consistency with the rates of her colleagues (especially when there is at this time no independent basis for determining what their rates should be for Program work). Petitioner has therefore not provided a persuasive argument that an increase is appropriate based upon Ms. Meyers' circumstances.[4] For 2021 work, Ms. Meyers may certainly seek a rate increase that takes into account her firm switch - and if well-

---

[4] Petitioner's motion also seeks an increased hourly rate for paralegal Jacqueline Taylor Barrett, from $150.00 per hour to $154.00 per hour, for the same general reasons as Ms. Meyers. In determining reasonable paralegal rates, *McCulloch* applied similar factors as those relevant for attorneys (noting a college degree and concentrated work on Vaccine Program cases as factors which can enhance a paralegal's value). 2015 WL 5634323, at *21. Thus, a paralegal would not be entitled to a rate increase for changing firms any more than an attorney would.

substantiated her arguments may prove persuasive – but she cannot obtain a mid-year increase based on the showing made herein.

Accordingly, I will continue to compensate Ms. Meyers at $400.00 per hour for *all* work performed in this case in 2020, and her paralegal at $150.00 per hour for work performed in 2020. Application of these rates results in a reduction of **$87.40**.

B. <u>Hours Billed</u>

Upon review, I find the billed hours to be reasonable. The billing entries describe with sufficient detail the task being performed and the time spent on each task. Respondent has not identified any particular entries as objectionable and upon review, I did not find any entries to be objectionable either. Accordingly, Petitioner is entitled to a final award of attorney's fees of **$15,118.50**.

## ATTORNEY COSTS

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992); *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g., Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $1,483.84 in overall costs. Fees. App. at 2. This amount is comprised of obtaining medical records, the filing fee, postage, and photocopies. I have reviewed all of the requested costs and find them to be reasonable, and Petitioner has provided adequate documentation supporting them. Accordingly, Petitioner is entitled to the full amount of costs requested.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). **Petitioner is awarded a lump sum of $16,602.34, representing reimbursement**

**for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ms. Nancy Meyers.[5]**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.